**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:20-CR-00027 |
| | : | |
| DAVID BARRIENTES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 70) to revoke Defendant David Barrientes's supervised release. This Order memorializes that hearing. Previously, Barrientes pleaded guilty to possession of a firearm during and in relation to a drug trafficking crime in violation of 18, United States Code §§ 924(c)(1)(A)(i). The Petition alleges two violations of his supervised release. (Doc. 70).

At the hearing, Defense Counsel acknowledged that Barrientes had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Barrientes of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Barrientes was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Barrientes acknowledged he understood. The Court also confirmed from Barrientes that he had received the Petition and the Revocation Report (Doc. 72) and reviewed them. Barrientes stated that he had spoken to Counsel and wished to stipulate to Violations One and Two. The Court also found that Barrientes's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because Barrientes stipulated and admitted to Violations One and Two as alleged, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1] Once the violations had been established, the Court heard from the

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012)

1

Government and Defense Counsel. Neither Barrientes nor the Government objected to the Revocation Report. The Court then declared Barrientes's supervised release revoked.

The Court determined Barrientes's U.S. Sentencing Guidelines range to be 27 to 33 months based on Grade A violations and a criminal history category of II. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court found that a downward variance from the guideline range was appropriate and sentenced Barrientes to a term of imprisonment of six months. The Court found this sentence appropriate to reflect the seriousness of Barrientes's conduct and to protect the public. Barrientes's imprisonment shall be followed by a term of supervised release of two years.

For these reasons, the Petition (Doc. 70) is **GRANTED**, and Barrientes supervised release is **REVOKED**. Defendant is sentenced to a term of imprisonment of six months. After his release, he will have a term of supervised release of two years.

**SO ORDERED**, this 20th day of April 2026.

<u>**/s/ W. Louis Sands**</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

(quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).